IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 1 1 2012

David J. Bradley, Clerk of Court

| | |
|---|---|
| JOSE FRANCISCO SANCHEZ and DIANA SANCHEZ<br>*Plaintiffs*,<br><br>v.<br><br>AMERICAN MOTORISTS INSURANCE COMPANY (AMICO), AMY A. SPARLING, BROADSPIRE SERVICES, INC., and D. MANAGEMENT SERVICES INTERNATIONAL, INC.<br>*Defendants*. | Case No. 1:12-CV-31 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 8]. Defendants filed a timely response to Plaintiffs' Motion to Remand [Doc. No. 10]. On May 29, 2012, the Court held a hearing, during which it heard arguments on Plaintiffs' Motion to Remand. The Court, after reviewing the Motion to Remand, the Response to the Motion to Remand, and the applicable law, grants in part and denies in part the Motion to Remand for the reasons set forth below.

Plaintiffs initiated this action by filing a petition in the 107th Judicial District Court of Cameron County, Texas on December 30, 2010. On March 22, 2011, the case was transferred to the 197th Judicial District Court of Cameron County, Texas. On February 17, 2012, Defendants removed the action to this Court. On March 15, 2012, Plaintiffs filed their Motion to Remand.

I

In their motion, Plaintiffs argue that (1) Defendants' removal was untimely; (2) Defendant Sparling defeats diversity of citizenship jurisdiction and was not improperly joined; (3) Defendants'

1

removal petition was defective because all defendants did not consent to removal; (4) removal was improper because Plaintiffs' claims "arise under" the Texas Workers' Compensation Act; and (5) Defendants waived removal. Since the Court resolves this case by deciding, on a basis not argued by either of the parties, that Defendants' removal was untimely, it need not reach Plaintiffs' remaining contentions.

II

The removal statute prohibits removal based on diversity of citizenship "more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). This action was commenced on December 30, 2010, and removed on February 17, 2012. Plaintiffs argue that Defendants' failure to file notice of removal within one year of commencement precludes removal under this provision. Defendants respond by urging the Court to apply the equitable exception to this time limit recognized in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003), in view of Plaintiffs' actions in state court.

In *Tedford*, the Fifth Circuit found that the time bar in § 1446(b) is procedural, not jurisdictional. *Id.* at 428–29. The plaintiff in *Tedford* took several particularly egregious actions designed solely to ensure that her claim remained in state court, including filing a complaint against a non-diverse party despite having no cognizable claim against him, amending her complaint to add another non-diverse party hours after learning of the defendants' intention to remove, and post-dating a notice of nonsuit for the same non-diverse party until after the one-year period expired. The court, in light of its finding that the one-year limit is procedural, held that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be

extended." *Id.* This interpretation provided an exception to the one-year bar which has traditionally been strictly construed by case law. This one-year repose provision has since been amended to include statutorily a version of the *Tedford* exception.[1]

As argued by Defendants in their brief, a review of the procedural history of this case certainly raises suspicions about Plaintiffs' maneuvers in state court. On December 30, 2010, Plaintiffs filed an original petition naming American Motorists Insurance Company ("AMICO") and Broadspire Services, Inc. ("Broadspire"), foreign corporations, and two non-diverse defendants: Management Services International, Inc. ("MSI") and Amy A. Sparling ("Sparling"). After Defendants filed a motion to transfer venue and various discovery-related motions, Plaintiffs nonsuited Sparling and Broadspire, leaving AMICO and non-diverse defendant MSI. E-mails attached to Defendants' response reveal that Plaintiffs were then notified as early as January 7, 2011

---

[1] Pursuant to a December 7, 2011 amendment, the repose provision now appears at 28 U.S.C. § 1446(c)(1), and was modified to provide:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.*

Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub L. No. 112–63, § 103(b), 125 Stat. 760 (2011) (emphasis added). However, the Act applies only to actions commenced on or after its effective date. The Act specifies that its amendments "shall take effect upon the expiration of the 30-day period beginning on the date of the enactment of this Act." Pub L. No. 112–63, § 205. Since Plaintiffs' action commenced on December 30, 2010, the amendment does not apply to this case.

that MSI was the incorrect party.[2] Despite receiving such information, Plaintiffs waited more than eleven months, until December 19, 2011, to nonsuit MSI, leaving only AMICO. At this point in time this case was, in fact, removable. On December 22, 2011, Plaintiffs filed an amended petition that re-named Sparling and Broadspire as defendants and added D. Management Services International, Inc. ("D. Management Services"). However, these defendants were not served with the amended petition until after the one-year limit expired.[3]

During a hearing held on May 29, 2012, Plaintiffs proffered various justifications for their actions; however, the Court need not decide whether these actions merit application of the *Tedford* exception. In their motion, Defendants contend that the exception should be applied due to Plaintiffs' attempts to engage in forum manipulation in state court, including their delayed nonsuit of non-diverse Defendant MSI. The Court addressed this particular contention during the May 29, 2012 hearing, and ordered counsel for Plaintiffs and counsel for AMICO to provide the Court with the date and content of any notice or indicia of notice received regarding when AMICO had notice of the December nonsuit of MSI, Inc. In response, Defendant AMICO provided documents showing that it had notice of Plaintiffs' nonsuit of MSI on December 19, 2011. Plaintiffs' response did not contradict this date. Since the one-year limitation imposed by § 1446(b) expired on December 30, 2011, AMICO would have had at least 11 days to file a petition for removal before this period ended. This indicates that AMICO slept on its rights, in which case it would not be entitled to an equitable

---

[2] The e-mails from counsel for the incorrectly-joined Management Services International, Inc., a Texas corporation, explain that it was not Plaintiff Jose Sanchez's employer nor was it affiliated with Sanchez's former Illinois-based employer, D. Management Services International, Inc.

[3] The inclusion of Sparling as a defendant would defeat removal since her presence destroys diversity, unless, as claimed by Defendants, she was fraudulently joined.

exception. *See Nat'l Ass'n of Governmental Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 708 (5th Cir. 1994) ("[E]quity aids the vigilant and not those who slumber on their rights."); *see also Edwards v. Standard Fire Ins. Co.*, No. 07-6714, 2008 WL 1832366 (E.D. La. Apr. 23, 2008) (remanding and denying application of *Tedford* where defendant had opportunity to remove three weeks before the one-year period expired); *Monk v. Werhane Enter., Ltd.*, No. 06-4230, 2006 WL 3918395 (E.D. La. Nov. 27, 2006) (remanding and denying application of *Tedford* where the defendants were not vigilant in protecting their right to remove).

Even assuming, *arguendo*, that the *Tedford* exception nevertheless exempted defendants from the one-year bar, Defendants, or at least Defendant AMICO, should have removed the case within 30 days of December 19, 2011, the date that AMICO discovered that the case was removable. *See Jernigan v. Ashland Oil*, 989 F.2d 812 (5th Cir. 1993) (holding that removal period began when diverse defendant discovered non-diverse defendant fraudulently joined). Defendants filed their petition for removal on February 17, 2012. Since this was not within 30 days of AMICO's notice of the case's removability, removal would be barred. *See Getty Oil v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir. 1988) ("In cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)."); *see also Dougherty v. Petco Sw., Inc.*, No. 4-10-CV0133, 2010 WL 2231996 (S.D. Tex. May 28, 2010) (remanding because the defendant could have removed within one-year period on the basis of improper joinder). Therefore, although the parties did not present argument on this issue, whether or not the equitable exception in *Tedford* were applied with respect to MSI, Broadspire, and Sparling, Defendant AMICO's failure to remove the case resolved the removal/remand issue, prior to the removal of this matter by its co-defendants. *See Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th

Cir. 1986) ("[I]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal.") (quoting 1A J. Moore, Moore's Federal Practice, ¶ 0.168 [3.5-5], 586-87 (2d ed. 1985)).

### III

Plaintiff also requests court costs, expenses, and attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

When determining whether to award fees pursuant to § 1447(c), a court's analysis "turn[s] on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. The statute expresses neither "a strong preference for [n]or a strong preference against fee awards." *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009).

Here, Defendants' bases for removal were objectively reasonable. The Court **DENIES** Plaintiff's request for costs, expenses, and fees.

### IV

Based on the foregoing, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion to Remand [Doc. No. 8]. It is hereby **ORDERED** that this case be **REMANDED** to the 197th Judicial District Court of Cameron County, Texas. Their request for The District Clerk is

**ORDERED** to close this case and to mail a certified copy of this Order to the Clerk of the 197th Judicial District Court of Cameron County, Texas. *See* 28 U.S.C. § 1447(c).

Signed this 11th day of June, 2012.

                                             Andrew S. Hanen
                                             United States District Judge